IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

**FILED**

NOV 3 0 2001

LARRY W. PROPES, CLERK
COLUMBIA, S.C.

| | |
|---|---|
| David W. Stanley; Tonyna Hubbard; Woodrow Sumter; Willie Koger; Lujean Santos; Julius Flott; and Carolyn Bush, on behalf of themselves and all other similarly situated individuals,<br><br>    Plaintiffs,<br><br>vs.<br><br>Power Plant Maintenance Company, Inc.; and Moree's PPM, Inc.,<br><br>    Defendants. | C/A No. 3:01-131-17<br><br>**ORDER AUTHORIZING NOTICE OF CLASS ACTION** |

This matter is presently before the Court on Motion by Plaintiffs to authorize the sending of notice of this collective action to potential class members. The Plaintiffs have submitted a proposed notice and a proposed consent form, to which Defendants have raised a number of objections. The court will address those objections in order below.

First, Defendants object that the proposed notice is an improper solicitation of litigation, citing Baker v. Michie Co., 93 F.R.D. 494 (W.D. Va. 1982). The court must overrule this objection, because the Baker case appears to have been overruled by the United States Supreme Court in Hoffman-LaRoche, Inc. v. Sperling, 493 U.S. 165 (1989). In Sperling, the Court resolved a split in the circuits about the propriety of court-authorized notices in collective actions and held that "district courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs." Id. at 169. The Sperling Court recognized "the propriety, if not the

necessity, for court intervention in the notice process." Id. at 170. The Fourth Circuit followed Sperling in Shaffer v. Farm Fresh, Inc., 966 F.2d 142 (4th Cir. 1992), holding that the district court erred in prohibiting Plaintiffs' counsel from contacting potential class members. The Shaffer court vacated the district court's order and remanded the case for "approval of an appropriate notice statement and consent form." Id. at 147. This court will exercise its discretion to approve an appropriate notice statement and consent form.

Second, Defendants' counsel requests that the notice include a statement in the first paragraph that the court has not taken any position regarding the merits of the claims or defenses. Plaintiffs' counsel agree that the notice should clearly convey the court's neutrality in this matter and have consented to this request. Accordingly, the notice should contain a disclaimer in the first paragraph similar to the language this court used in the class notice in Lyndall Warren Holsonback et al. v. South Carolina Electric & Gas Company, Inc., Civil Action No. 3:99-3659-17, which was quoted by Defendants' counsel.

Third, Defendants' counsel argues that the notice should not contain any reference to Defendant Power Plant Maintenance Co., Inc. because, according to Defendants' counsel, there is no evidence that any of the Plaintiffs or member of the Plaintiff class were ever employed by Power Plant Maintenance Co., Inc. Plaintiffs' counsel responded that there are a number of documents that have been produced by Defendants during discovery in this matter which create a factual issue about which entity (or both) is liable as an employer under the Fair Labor Standards Act. For example, Plaintiffs' attorneys represented that the names "Power Plant Maintenance Co." and "PPM, Inc." appear in various employment documents such as a paycheck history print-out, payroll change forms, employee benefit enrollment forms, and applications for employment. At this point, the Court agrees

with Plaintiffs that they have made an adequate showing to warrant including Power Plant Maintenance Co. on the notice forms. Defendants' objection on this point is overruled.

Fourth, Defendants' counsel objects to Plaintiffs' proposed definition of the class to include any employees of Defendants from January 17, 1998, to the present, because that definition would include persons whose claims are beyond the maximum three-year statute of limitation under the Fair Labor Standards Act. Plaintiffs' counsel concedes that the statute of limitations in collective actions under the FLSA is not tolled as to an individual class member until that person files his consent to opt in form with the court. Plaintiffs' counsel's suggests that the notice use a generic reference in defining the class to anyone who has been employed by either of the Defendants "at any time during the past three (3) years from the date of this notice." The court agrees that this is a reasonable solution to the statute of limitations concern raised by Defendants. Thus, the final notice should reflect this change.

Fifth, Defendants' counsel wishes to refine the definition of the potential class to include only "employees who were 'hourly paid, who were not executives or administrators, and who worked in excess of 40 hours in any given work week.'" Plaintiffs' counsel responds that to take advantage of the white-collar exemption under the FLSA, Defendants must demonstrate both that the employee in question was paid on a salary basis <u>and</u> that his job duties qualify him for executive or administrative classification. According to Plaintiffs' counsel, the definition should be in the disjunctive, because if Defendants fail to meet either the salary test or the job duties test, they cannot qualify for an exemption. The court concludes that the word "or" should be added between the phrase "hourly paid" and the word "who" in the above quote.

Sixth, Defendants' counsel wants to add the phrase "based on advice from the Department

of Labor" to better describe its "good-faith" defense. Plaintiffs' counsel does not object to this request; therefore, the notice should contain the requested change.

Seventh, Defendants' counsel suggests that the word "will" should be changed to "may" in the first paragraph on page 3 of the proposed notice, and that the word "you" should be "your" in the fourth line of that paragraph. Plaintiffs' counsel has no objection to this change, and acknowledges that the second item was a typographical error. The final notice should reflect these changes.

Eighth, Defendants' counsel objects to the first sentence of the third paragraph on page 3, which states, "If you do not return the Consent to Join Lawsuit Form, however, you may be jeopardizing your right to sue." According to Defendants' counsel, that sentence is misleading because a potential Plaintiff's right to bring an individual claim is not affected by their participation in this class action. Plaintiffs respond that the sentence in question is necessary to inform potential Plaintiffs that the statute of limitations on their claims continues to run unless and until they opt in to this action or bring their own individual action. Over Plaintiffs' objection, the court agrees that this language is not necessary; accordingly, the court will sustain Defendants' objection and strike that sentence from the notice.

Ninth, Defendants' counsel has requested that the notice contain the following sentence: "If there is an unfavorable resolution, either by settlement or judgment, and you qualify, you may be required to pay some portion of that resolution." Defendants cite the cases of <u>Conley v. KFC Corp.</u>, 622 F. Supp. 767 (W.D. Ky. 1985), and <u>David v. City of Hollywood</u>, 120 F.3d 1178 (11th Cir. 1997), for the proposition that unsuccessful plaintiffs in employment actions can be assessed attorneys fees and costs to a prevailing defendant. The court agrees with Plaintiffs' response, that the language suggested by Defendants is an unnecessary discouragement to potential Plaintiffs to opt

4

in to this matter. The cases cited by Defendants are not applicable at this stage in the proceedings. The Conley case involved an extreme example of a frivolous proceeding and included several instances of discovery abuse and improper behavior by counsel. The David case merely relied on Fed. R. Civ. P. 54(d), allowing taxable cost to be awarded to the prevailing party. Thus, the court overrules Defendants' objection in this regard.

Tenth, Defendants' counsel has requested that the notice contain the following sentence: "If you join the lawsuit, you will be charged a portion of the costs of the lawsuit." Defendants' counsel stated his belief that the requested sentence accurately complies with the applicable ethical rules. Plaintiffs' counsel responds that this is another attempt to discourage potential plaintiffs from participating in this action. In addition, Plaintiffs' counsel have indicated that they have agreed to advance the costs of this litigation on a contingency basis, which appears to be proper under the South Carolina Rules of Professional Conduct. SCACR 407, Rule 1.8(e)(1) ("A lawyer may advance court costs and expenses of litigation, the repayment of which may be contingent on the outcome of the matter.") (emphasis added)). The court agrees with Plaintiffs that the sentence suggested by Defendants relating to litigation costs is not appropriate.

Eleventh, Defendants' counsel has requested that the notice contain the following sentence: "If you fall within the definition of the class defined in Section 2, you have the right to not join the class and to file your own lawsuit." Plaintiffs' counsel stated that he believed that proposed notice adequately conveys the voluntariness of opting in and implies that if the recipient does not take an affirmative act to opt in by the applicable deadline, he or she will not be considered a participant in the class. Nevertheless, Plaintiffs' counsel does not have an objection to including the sentence suggested by Defendants. Accordingly, with the consent of Plaintiffs, the court requires the notice

to contain the sentence quoted above.

Twelfth, Defendants' counsel has requested that the notice clarify that if a potential class member chooses a lawyer other than class counsel, he or she is free to enter into a mutual agreement with that lawyer with respect to the payment of attorneys fees and costs. Plaintiffs' counsel does not object to Defendants' position in that regard. Accordingly, the notice should replace the phrase "at your own expense" in the last sentence of section 6, with the phrase "and discuss with that attorney how the costs and fees will be paid."

Thirteenth, Defendants' counsel wishes to change the word "should" to "must" in informing potential class members of the deadline for submitting their consent to opt in forms. In addition, Defendants' counsel suggests some language to clarify what potential plaintiffs must do to opt in if they select alternative counsel. Plaintiffs do not object to either of these changes. Accordingly, the final notice should contain both changes.

Fourteenth, Defendants want to add a separate section to the notice entitled "How Not To Join This Lawsuit." Plaintiffs do not have any objection to adding such a section.

Fifteenth, Defendants' counsel wishes to add his name, address, and telephone number to the notice for potential class members to contact him with questions about the case. Plaintiffs strenuously object to this item on the grounds that it presents significant ethical issues and creates potential for confusion. The court agrees that Defendants' counsel's name and contact information should not appear on the notice. Defendants' counsel would have an obvious conflict of interest in purporting to provide legal advice to potential class members who have questions about the notice or the case. In addition, Defendants' suggestion would create a risk of confusion as to whom Defendants' counsel represents, along with potential problems with the attorney-client privilege and

conflicts of interest. Accordingly, the court overrules Defendants' objection on this issue.

Sixteenth, Defendants' counsel suggest that the Consent To Join Lawsuit form contain a paragraph informing potential class members what to do if they choose not to opt in to this lawsuit. Plaintiffs have no objection to that request. Accordingly, the consent form should contain the language requested by Defendants on this issue.

Next, in his letter to the court of November 12, 2001, Defendants' counsel suggested that the Consent Forms should be filed with the court, not sent to Plaintiffs' counsel. Plaintiffs agree that the consent forms are not effective until they are filed with the court. However, Plaintiffs argue that they need to know who opts in to the lawsuit, because they need to know who their clients are. Plaintiffs' counsel stated that he would undertake the obligation to file the consent forms and serve a copy of them on Defendants' counsel as soon as they are received. The court agrees that the consent forms of those class members who do not select alternative counsel should be mailed to Plaintiffs' counsel. This measure will alleviate some of the burden on the clerk's office to transmit the consent forms to counsel. Consent forms of class members who choose their own attorneys should be mailed directly to the court for filing.

Finally, Plaintiffs have requested that Defendants provide the names and addresses of current and former employees who fall within the definition of potential class members in electronic format or, alternatively, produce address labels to assist Plaintiffs in mailing the notice and consent forms to potential class members. Plaintiffs argue that minimizing the costs of the notice is in everyone's best interest, because the costs of the notice may be recoverable if Plaintiffs ultimately prevail in this action. Although the court need not decide whether such costs would be taxable at this time, Plaintiffs' request appears to be reasonable. Accordingly, Defendants are hereby ordered to examine

whether Plaintiffs' request is feasible and, if so, to provide the names and addresses of potential class members in the format requested by Plaintiffs.

The approved notice and consent forms are attached to this Order and incorporated herein by reference. Plaintiffs counsel shall mail these documents to all potential class members forthwith. The sixty (60) day period for opting in shall run from the date Plaintiffs' attorneys sign and date the notice.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
Chief Judge, United States District Court
For the District of South Carolina

November 29, 2001

Columbia, South Carolina.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| David W. Stanley; Tonyna Hubbard; Woodrow Sumter; Willie Koger; Lujean Santos; Julius Flott; and Carolyn Bush, on behalf of themselves and all other similarly situated individuals,<br><br>        Plaintiffs,<br><br>vs.<br><br>Power Plant Maintenance Company, Inc.; and Moree's PPM, Inc.,<br><br>        Defendants. | C/A No. 3:01-131-17<br><br>**NOTICE OF POTENTIAL RIGHTS IN CONNECTION WITH PENDING LAWSUIT UNDER THE FAIR LABOR STANDARDS ACT FOR FAILURE TO PAY OVERTIME COMPENSATION** |

TO:     All United States citizens employed by Power Plant Maintenance Company, Inc., and/or Moree's PPM, Inc. at any time within the past three years from the date of this notice, who were hourly paid or who were not executives or administrators, and who worked in excess of forty (40) hours in any given work week, but who did not receive overtime compensation of at least one and a half times their regular hourly wage for any and all overtime hours.

FROM:     The Law Office of Gerald F. Smith of Columbia, South Carolina, and GERGEL, NICKLES & SOLOMON, P.A. of Columbia, South Carolina, Counsel for Plaintiffs, David W. Stanley, Tonyna Hubbard, Woodrow Sumter, Willie Koger, Lujean Santos, Julius Flott, and Carolyn Bush.

RE:     Lawsuit filed under the Fair Labor Standards Act against Power Plant Maintenance Company, Inc., and Moree's PPM, Inc.

      This Notice is filed in conjunction with a lawsuit filed in the United States District Court for the District of South Carolina. The Court has not taken and does not take any position in this lawsuit regarding the merits of the Plaintiffs' claims or the Defendants' defenses. The purpose of this Notice is to inform you of the existence of a class action lawsuit where you may be a member of the Plaintiff Class, to advise you of how your rights may be affected by this suit, and to instruct you as to the procedure for participating in this suit if you so desire.

Page 1 of 6

1. Description of the Lawsuit

On January 17, 2001, David W. Stanley, Tonyna Hubbard, and Woodrow Sumter filed this lawsuit against Power Plant Maintenance Company, Inc. in the United States District Court for the District of South Carolina. On April 13, 2001, the Plaintiffs filed an Amended Complaint, adding Willie Koger, Lujean Santos, Julius Flott, and Carolyn Bush as additional named Plaintiffs and adding Moree's PPM, Inc. as an additional Defendant. Plaintiffs allege in this suit that they were employed by Defendants as security guards and that the Defendants have violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA"), by failing to pay Plaintiffs appropriate overtime compensation for hours worked in excess of forty hours in any given work week. On November 29, 2001, the Honorable Joseph F. Anderson, Jr., Chief United States District Court Judge for the District of South Carolina, authorized the sending of this Notice to inform you of your right to join this lawsuit.

The Plaintiffs claim that Defendants routinely required them to work in excess of forty hours per week, but failed to pay Plaintiffs at the rate of one and a half times their normal wages for any overtime hours, as required by section 7(a) of the FLSA, 29 U.S.C. § 207(a). Plaintiffs have also alleged that the Defendants' failure to compensate them for overtime work as required by the FLSA was knowing, wilful, intentional, and done in bad faith. Plaintiffs seek damages for unpaid overtime, plus liquidated damages in an amount equal to the unpaid overtime, as well as attorneys fees and costs.

Defendants deny that they have violated the FLSA. Defendant Power Plant Maintenance Company, Inc. asserts that it was never actually the employer of any of the Plaintiffs. Defendant Moree's PPM, Inc. asserts that Plaintiffs were exempt from the overtime requirements of the FLSA because Plaintiffs were administrative or executive employees. In addition, Defendant Moree's PPM, Inc. asserts that it acted in good faith based on advice from the United States Department of Labor and that it had reasonable grounds to believe that the Plaintiffs were exempt from the overtime pay requirements of the FLSA.

2. Composition of FLSA Class

The Plaintiffs seek to sue on behalf of themselves and also on behalf of all other similarly situated employees of Defendants. Specifically, the Plaintiffs seek to sue on behalf of:

> All United States citizens employed by Power Plant Maintenance Company, Inc., and/or Moree's PPM, Inc. at any time within the past three years from the date of this notice, who were hourly paid or who were not executives or administrators, and who worked in excess of forty (40) hours in any given work week, but who did not receive overtime compensation of at least one and a half times their regular hourly wage for any and all overtime hours.

3. Your Right to Participate in this Suit

If you are within the group of persons defined above and believe that Power Plant Maintenance Company, Inc. and/or Moree's PPM, Inc. failed to pay you overtime compensation as required by the FLSA, you may join this suit (that is, you may "opt in" to this lawsuit). To do so, you must complete and cause to be filed a "Consent to Join Lawsuit." Information regarding this procedure is contained in Paragraph 7 below.

Your continued right to participate in this suit will depend upon a later decision that you and the named Plaintiffs are "similarly situated" in accordance with federal law. To determine whether you are indeed a proper member of the Class, the Court will engage in a fact-specific review of the circumstances of your employment with Power Plant Maintenance Company, Inc. and/or Moree's PPM, Inc., taking into account such factors as job title and job responsibilities, salary or wages, any defenses asserted against you by Defendants, and other procedural issues.

It is entirely your decision whether or not to join this lawsuit. You are not required to join this lawsuit by filing your Consent or to take any action unless you want to. It is completely voluntary.

To learn more about your rights, you should consult with a lawyer.

4. Effect of Joining this Suit

If you decide to join this suit, you will be bound by any settlement or judgment, whether it is favorable to you or not. If there is a favorable resolution, either by settlement or judgment, and you qualify, you may be entitled to some portion of the recovery. While this suit is proceeding, you may be required to provide information, sit for depositions, and testify in court. If you choose to be represented by the attorneys representing the named Plaintiffs, you will not be charged attorneys fees directly. Fees will be charged on a contingent basis, which means that the named Plaintiffs' attorneys will receive a portion of any money judgment or settlement entered in favor of the Class, and your interest will be represented by the named Plaintiffs through their attorneys, as counsel for the Class.

5. No Legal Effect in Not Joining this Suit

If you decide not to join this suit, you will not be affected by the judgment, favorable or unfavorable. You will not receive any money, or other relief, granted in this action if the named Plaintiffs prevail. If you fall within the definition of the class defined in Section 2, you have the right to not join the class and to file your own lawsuit. You are free to consult with a lawyer regarding whether or not you may file your own lawsuit.

6. Your Options Regarding Legal Representation if You Join

If you choose to join this suit, it is entirely your own decision as to whether you want to be represented by the attorneys for the named Plaintiffs or by an attorney of your own choosing. The counsel for the named Plaintiffs are:

>Gerald F. Smith, Esquire
>1338 Main Street, Suite 808
>Columbia, South Carolina 29201 and
>
>W. Allen Nickles, III, Esquire
>David E. Rothstein, Esquire
>GERGEL, NICKLES & SOLOMON, P.A.
>1519 Richland Street
>Post Office Box 1866
>Columbia, South Carolina 29202-1866

You are free to be represented by a different attorney of you own choice and to discuss with that attorney how the costs and fees will be paid.

7.    How to Join this Lawsuit

Attached to this Notice is a form entitled "Consent to Join Lawsuit" to be used if you decide to join this lawsuit. If you choose to be represented by attorneys for the named Plaintiffs, the Consent form must be filled out and sent to:

>W. Allen Nickles, III, Esquire
>David E. Rothstein, Esquire
>GERGEL, NICKLES & SOLOMON, P.A.
>1519 Richland Street
>Post Office Box 1866
>Columbia, South Carolina 29202-1866

The attorneys for the named Plaintiffs will then file your Consent form with the United States District Court for the District of South Carolina. For your convenience, a postage paid, addressed envelope has been enclosed. Your envelope must be postmarked within sixty (60) days of the date of this Notice. If your Consent form is not returned timely, you will not be allowed to join the lawsuit.

If you choose to join this class action but choose a different attorney, the Consent form should be filled out and sent to: Clerk of Court, United States District Court for the District of South Carolina, 1845 Assembly Street, Columbia, South Carolina 29201, postmarked within sixty (60) days of the date of this Notice.

8.    How Not to Join this Lawsuit

If you choose not to become involved in this Federal Court lawsuit, you do not have to fill out or file any forms and you may disregard and discard this notice.

9.     Further Information

Further information about this suit, the deadline for filing a Consent to Join Lawsuit form, and the availability of Consent to Join Lawsuit forms can be obtained by calling or writing:

>W. Allen Nickles, III, Esquire
>David E. Rothstein, Esquire
>GERGEL, NICKLES & SOLOMON, P.A.
>1519 Richland Street
>Post Office Box 1866
>Columbia, South Carolina  29202-1866
>
>**Toll free: 1-888-779-8080**
>**In Columbia, South Carolina area: (803) 779-8080**
>**E-mail: David.Rothstein@scbar.org**
>
>Gerald F. Smith, Esquire
>1338 Main Street, Suite 808
>Columbia, South Carolina  29201
>(803) 765-1155
>
>Attorneys for Plaintiffs
>
>Telephone calls will be received:
>Monday through Friday, 8:00 a.m.-6:00 p.m., EST

10.     The Court's Authorization of this Notice

The contents of this Notice have been reviewed and authorized by the United States District Court for the District of South Carolina, Hon. Joseph F. Anderson, Jr., Chief United States District Court Judge. The Court has taken no position regarding the merits of the named Plaintiffs' claims under the FLSA or the Defendants' defenses.

This Notice is for the sole purpose of determining the identity of those who wish to proceed with any rights they may have in this class action case. No guarantee is made that the Court will find your claim meritorious or grant any relief.

DO NOT CONTACT JUDGE ANDERSON OR OTHER COURT PERSONNEL. THE COURT MUST REMAIN IMPARTIAL AND CANNOT MAKE ANY COMMENT ON YOUR RIGHTS OTHER THAN AS SET FORTH IN THIS NOTICE.

For further information on your rights, please contact the named Plaintiffs' attorneys listed in Paragraph 9 above, or any attorney of your choice.

11.     Protection Against Retaliation

The Fair Labor Standards Act prohibits anyone from discriminating or retaliating against you in any manner if you choose to take part in this lawsuit.

Date of Notice: _____      _____
                                                                                                Gerald F. Smith

_____                  _____
W. Allen Nickles, III                                       David E. Rothstein

CONSENT TO JOIN LAWSUIT
(Pursuant to 29 U.S.C. § 216(b))

<u>David W. Stanley et al. v. Power Plant Maintenance Company, Inc.</u>
Civil Action No. 3:01-131-17 (D.S.C.)

Please type or print in ink the following:

1. Name: _____

2. Address: _____

    _____
    City          State          Zip Code

3. Telephone Number: _____ (work) _____ (home)

4. Dates of Employment with Power Plant Maintenance Company, Inc. or Moree's PPM, Inc.: _____

5. Position(s) with Company: _____

6. I understand that this suit is brought under the Fair Labor Standards Act to recover unpaid overtime compensation. I have read and I understand the Notice accompanying this Consent form. As a current or former employee of Power Plant Maintenance Company, Inc. and/or Moree's PPM, Inc., I hereby consent, agree, and opt-in to become a party Plaintiff herein and be bound by any settlement of this action or adjudication of the Court.

7. I hereby authorize the named Plaintiffs, or Plaintiffs' counsel of record, to file this Consent with the Clerk of Court.

8. Check A or B below:

    A. _____ I hereby further authorize the named Plaintiffs herein to retain their counsel of record or to select new counsel, as they shall determine in their discretion, and I hereby further authorize such counsel to make such further decisions with respect to the conduct and handling of this action, including the settlement thereof, as they deem appropriate or necessary.

    B. _____ I am opting into this action, but will retain counsel of my own choosing other than counsel for the Plaintiffs.

Date: _____        _____
                                Signature

NOTE: If you choose not to become involved in this Federal Court lawsuit, you do not have to fill out or file this form, and you may disregard and discard this form.